UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
CHRISTOPHER TERRY, et al.,                              :
                                          Plaintiffs,   :
                                                     :                  19 Civ. 9688 (LGS)
                  -against-                           :
                                                     :                  **OPINION AND ORDER**
CITY OF NEW YORK, et al.,                               :
                                        Defendants.   :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Christopher Terry and James Truell bring this pro se action under 42 U.S.C. § 1983 alleging that, while they were detained in New York City's Manhattan Detention Center ("MDC"), Defendants violated their constitutional rights.  Defendants are Security Captain Hernandez, Assistant Deputy Warden E. Rivera, Facility Legal Coordinator Alou (collectively, the "Individual Defendants") and the City of New York (the "City").  Defendants' motion to dismiss is granted, but Plaintiffs may seek to replead as set forth below.

## I.      BACKGROUND

The following facts are drawn from the Complaint and Plaintiff Truell's letter, filed on July 28, 2020, and are accepted as true only for the purpose of this motion.  The facts are construed, and all reasonable inferences are drawn, in favor of Plaintiffs as the non-moving parties.  *See Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019).

At all times relevant to the allegations in the Complaint, Plaintiffs were detainees housed at MDC.  On October 21, 2019, Plaintiffs filed a Complaint alleging that their constitutional rights had been violated in three ways while they were housed at the MDC.  First, Plaintiffs were required to fill out a request form in order to access the MDC law library, in apparent violation of the policy outlined in the New York City Department of Correction Inmate Handbook.

Second, Defendants Hernandez and Rivera prevented Plaintiffs from calling 311, the non-emergency telephone number available to New York City residents.  Third, an unnamed Grievance Coordinator failed to collect promptly Plaintiffs' grievance forms or respond properly to Plaintiffs' grievances.  Each Plaintiff seeks $1,000,000 in monetary damages and injunctive relief in the form of "full access to the facility law library and word processor Lexis Nexis kiosk."  On April 2, 2020, Defendants filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6).

On July 28, 2020, Plaintiff Truell filed a letter ("Truell Letter") alleging that various pieces of property including mail, bibles, literature and family letters were being withheld from him at the MDC.  The letter further alleges that Plaintiff Truell was subjected to bodily harm on October 28, 2019, and February 24, 2020.  The Court ordered that the Truell Letter and the Complaint be construed together as the First Amended Complaint ("FAC").  Defendants then filed a response to the Truell Letter that supplemented their motion to dismiss.  Plaintiffs did not file any response to Defendants' motion to dismiss.

## II.    STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Dettelis*, 919 F.3d at 163, but gives "no effect to legal conclusions couched as factual allegations," *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).  To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  "In determining the adequacy of the complaint, the

court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005); *accord Boston Consulting Grp., Inc. v. NCR Corp.*, No. 19 Civ. 10156, 2020 WL 5731963, at *2 (S.D.N.Y. Sept. 24, 2020).

Under § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. This requires Plaintiffs to show (1) "the violation of a right secured by the Constitution and laws of the United States" and that (2) "the alleged deprivation was committed by a person acting under color of state law." *Jones v. Cty. of Suffolk*, 936 F.3d 108, 114 (2d Cir. 2019) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). As a general matter, "pretrial detainees . . . retain at least those constitutional rights . . . enjoyed by convicted prisoners." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *accord Holland v. City of New York*, 197 F. Supp. 3d 529, 538 (S.D.N.Y. 2016). The principles limiting the constitutional rights of incarcerated individuals "appl[y] equally to pretrial detainees and convicted prisoners." *Bell*, 441 U.S. at 546.

Courts must liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to "raise the strongest claims [they] suggest[]." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quotation marks omitted). "Nevertheless, a *pro se* litigant is not exempt from 'compliance with relevant rules of procedural and substantive law.'" *Murphy v. Warden of Attica Corr. Facility*, No. 20 Civ. 3076, 2020 WL 2521461, at *1 (S.D.N.Y. May 15, 2020) (quoting *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### III.    DISCUSSION

### A.  Plaintiffs Fail to State a Constitutional Claim

The FAC recounts several circumstances that are the basis of Plaintiffs' § 1983 action

against Defendants -- Plaintiffs were denied access to the facility law library, the right to call 311

and proper processing of grievance forms, and Plaintiff Truell was denied his property and

subjected to bodily harm.  These circumstances, while concerning, do not rise to the level of a

constitutional violation.  Because a violation of a constitutional right is essential to state a § 1983

claim, the Complaint is dismissed.

The FAC alleges that Plaintiffs were denied access to the facility law library.  Plaintiff

Truell alleges that he had property withheld from him including "lawyer's numbers" and "legal

documents" to "keep [Plaintiff Truell] from having a fair trial [and] court appearance . . . ."

These allegations may be liberally construed as a claim for denial of access to courts.  *See Lewis*

*v. Casey*, 518 U.S. 343, 350 (1996) (noting that access to a law library or other legal assistance is

part of the "*right of access to the courts*").  To state a claim for denial of the right to access to the

courts, a prisoner must show that: (1) he suffered an "actual injury," (2) to a non-frivolous legal

claim, (3) concerning his criminal conviction, habeas corpus petition, or terms of conditions of

confinement.  *Id.* at 349, 352-54; *accord Kaminski v. Semple*, 796 F. App'x. 36, 39 (2d Cir.

2019) (summary order), *cert. denied*, 141 S. Ct. 434 (2020).

The FAC fails to plead any actual injury to an underlying legal claim.  The FAC alleges

that, when Plaintiffs asked to go to the law library, they were "told to fill out a request form," in

conflict with the Inmate Handbook which does not mention a form.  When Plaintiffs request case

law or other legal materials, they were "told that they have to speak to the legal coordinator."

Because the FAC does not claim any actual injury to a legal claim, it does not state a claim for

denial of access to courts.  *See Kaminski*, 796 F. App'x at 39 (affirming dismissal of claim for

denial of access to the courts where the plaintiff failed to allege that denial of access to a law

library resulted in any actual injury to his habeas petition).  The FAC further asserts that

Plaintiffs' right to access the law library is protected under the New York City Board of

Correction's Minimum Standards, *see* Rules of the City of New York, Title 40, Ch. 1, § 1-08,

https://codelibrary.amlegal.com/codes/newyorkcity/latest/NYCrules/0-0-0-78855; however,

"violations of state or local prison regulations, do not, in themselves, constitute violations of

federal rights."  *Simmons v. Cripps*, No. 12 Civ. 1061, 2013 WL 1290268, at *21 (S.D.N.Y. Feb.

15, 2013), *report and recommendation adopted*, No. 12 Civ. 1061, 2013 WL 1285417 (S.D.N.Y.

Mar. 28, 2013); *see also Little v. Municipal Corp.*, 51 F. Supp. 3d 473, 501 (S.D.N.Y. 2014)

(noting that claims premised on violations of the New York City Board of Correction's Minimum

Standards "do not present a federal question").

The FAC alleges that a Grievance Coordinator failed to collect Plaintiffs' grievance

forms "within the time frame that governs the grievance directive and she also failed to answer

within the same."  These allegations may be liberally construed to assert a due process claim.

*See Lopes v. Westchester Cty.*, No. 18 Civ. 8205, 2020 WL 7029002, at *6 (S.D.N.Y. Nov. 30,

2020).  However, "[i]t is well-established that inmates do not have a protected liberty interest in

the processing of their prison grievances" and thus inadequate processing cannot form the basis

of a constitutional due process claim.  *Id.* (internal quotations marks omitted) (collecting cases).

The Fourteenth Amendment does not create a constitutionally protected right to file a grievance

or receive process with respect to a filed grievance.  *Kruppenbacher v. Annucci*, 20 Civ. 110,

2020 WL 7682255, at *3 (S.D.N.Y. Dec. 18, 2020).  Accordingly, "[c]ourts regularly dismiss

claims brought to remedy alleged violations of inmate grievance procedures."  *Martinez v.*

*Schriro*, No. 14 Civ. 3965, 2017 WL 87049, at *3 (S.D.N.Y. Jan. 9, 2017).  The FAC's claim

that Plaintiffs' grievances were mishandled cannot, as a matter of law, support a § 1983 claim.

The FAC further alleges that Plaintiffs were not permitted to call 311.  This allegation

may be liberally construed to assert a due process claim.  However, Plaintiffs have not identified

any support for the proposition that calling 311 is a protected liberty interest, and courts in this

circuit have found that deprivation of phone privileges is not a protected liberty or property

interest that can support a § 1983 claim.  *See, e.g.*, *Ford v. Aramark*, No. 18 Civ. 2696, 2020 WL

377882, at *9 (S.D.N.Y. Jan. 23, 2020); *Engles v. Jones*, No. 13 Civ. 6461, 2018 WL 6832085,

at *11-12 (W.D.N.Y. Dec. 28, 2018); *Thomas v. Delaney*, No. 17 Civ. 1023, 2018 WL 3543524,

at *2 n.4 (N.D.N.Y. July 23, 2018).

Plaintiff Truell alleges that he has had property withheld from him including mail, bibles,

literature and family letters.  Plaintiff's allegations may be liberally construed to state a

procedural due process claim.  However, the unauthorized destruction or damage of property

does not violate Plaintiff Truell's due process rights if "the state makes available a meaningful

postdeprivation remedy."  *Hudson v. Palmer*, 468 U.S. 517, 531 (1984); *accord Riddick v.

Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (summary order). "[T]he availability of an action in

the Court of Claims provides [an] adequate post-deprivation remedy for prisoners who claim

deprivation of personal property by prison officials."  *Drew v. New York City Dept. of Corr.*, 19

Civ. 4067, 2019 WL 4640220, at *4 (S.D.N.Y. Sept. 24, 2019) (alterations in original) (internal

quotation marks omitted).  The FAC does not state a claim for the denial of Plaintiff Truell's

right to procedural due process because New York State provides a procedure, through the Court

of Claims, for recovery.  *See Davis v. New York,* 311 F. App'x 397, 400 (2d Cir. 2009) (summary

order).

Regarding the letters, in particular, a prisoner's right to "free flow of incoming and

outgoing mail is protected by the First Amendment." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir.

2003); *accord Nigel N. Fredericks v. Detective John Doe*, No. 20 Civ. 1103, 2021 WL 308808,

at *4 n.2 (S.D.N.Y. Jan. 19, 2021).  Generally, courts have afforded "greater protection to legal

mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming

mail." *Davis*, 320 F.3d at 351; *accord Mercado v. Town of Goshen*, No. 20 Civ. 5389, 2020 WL

4892352, at *2 (S.D.N.Y. Aug. 19, 2020).  A prison may not "regularly and unjustifiably"

interfere with a prisoner's mail.  *Ahlers v. Rabinowitz*, 684 F.3d 53, 64 (2d Cir. 2012)

(quoting *Davis*, 320 F.3d at 351); *McFadden v. Noeth*, 827 F. App'x 20, 29-30 (2d Cir. 2020)

(summary order).  The FAC does not allege enough facts to show that Defendants' withholding

of Truell's mail was regular and unjustifiable.  For example, in contrast, the Second Circuit

found a First Amendment claim sufficient that pleaded that the defendants had interfered with

the plaintiff's mail on at least 20 occasions, resulting in the dismissal or default in two court

actions, and that included details about the mailings that were intercepted and the forms of

administrative review the plaintiff sought.  *McFadden*, 827 F. App'x at 29-30.

Finally, Plaintiff Truell alleges that he was subjected to excessive force through the

infliction of bodily harm on October 28, 2019, and February 2, 2020, when he was a pre-trial

detainee at the MDC.  Whether an excessive force claim is raised by a pre-trial detainee, which is

governed by the Due Process Clause of the Fourteenth Amendment, *see Edrei v. Maguire*, 892

F.3d 525, 533 (2d Cir. 2018), or a prisoner under the Eighth Amendment, the Second Circuit

applies the same standard.  *See United States v. Walsh*, 194 F.3d 37, 48 (2d Cir. 1999); *accord*

*Quinones v. Rollison*, No. 18 Civ. 1170, 2020 WL 6420181, at *3 (S.D.N.Y. Nov. 1, 2020).  To

state a claim for excessive force, a detainee must allege that the defendant acted with a

7

subjectively "sufficiently culpable state of mind" and that the conduct was objectively "harmful

enough" or "sufficiently serious" to reach constitutional dimensions. *Crawford v. Cuomo*, 796

F.3d 252, 256 (2d Cir. 2015). "The subjective component of the claim requires a showing that

the defendant had the necessary level of culpability, shown by actions characterized by

wantonness in light of the particular circumstances surrounding the challenged conduct." *Harris

v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016) (internal quotations omitted). To assess wantonness, a

court examines several factors including the extent of the injury, the mental state of the

defendant, as well as the need for the application of force. *See id.*

Plaintiff Truell's allegation is insufficient because it is conclusory -- accusing Defendants of

"inflicting bodily harm . . . without [any] justification." To state a sufficient claim, Plaintiff

Truell must describe the incidents, stating who committed what acts and the effects, in sufficient

detail to show both the individual Defendants' culpable state of mind and that the amount of

force used was not "de minimis." *See id*. at 64; *see also Ashcroft*, 556 U.S. at 678 (conclusory

statements are insufficient to support a legal claim). For example, to show a culpable state of

mind, a sufficient complaint might allege unnecessary physical force, threats, or retaliation for

reporting official misconduct. *See, e.g.*, *Fabricio v. Annucci*, 790 F. App'x 308, 310 (2d Cir.

2019) (summary order). To show significant force, a sufficient claim might describe what

happened, who was involved, whether any weapons or implements were used, Plaintiff Truell's

injury, how severe it was it, how long it lasted, what if any treatment he received and for how

long. Lacking specificity, the claim for excessive force is dismissed.

**B. Municipal Liability**

Plaintiff's claims against New York City are dismissed for two reasons. First, as

discussed above, the Complaint does not allege any constitutional violation for which the City

could be liable.  *See Jones*, 936 F.3d at 114.  Second, the FAC does not recount any facts

showing that the alleged misconduct was part of any policy or custom.

Municipalities are "not vicariously liable under § 1983 for their employees' actions."

*Connick v. Thompson*, 563 U.S. 51, 60 (2011); *accord Agosto v. New York City Dep't of Educ.*,

982 F.3d 86, 97 (2d Cir. 2020) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436

U.S. 658, 691 (1978)).  A municipality, however, may be liable under § 1983 if the plaintiff's

injury was caused by "action pursuant to official municipal policy."  *Connick*, 563 U.S. at 60-61.

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its

policymaking officials, and practices so persistent and widespread as to practically have the force

of law."  *Id.* at 61. A municipality may be liable only where its policies are the "moving force"

behind the constitutional violation.  *Id.*  A plaintiff must "demonstrate a direct causal link

between the municipal action and the deprivation of federal rights."  *Id.* at 75.

The FAC does not allege facts showing that the alleged misconduct was the result of an

official policy of the City or the Bureau of Prisons.  The claims against the City are dismissed.

### IV.    LEAVE TO REPLEAD

Leave to amend should be freely given when justice so requires.  *See* Fed. R. Civ. P.

15(a).  Ordinarily a pro se plaintiff is given an opportunity to amend a complaint; however, even

when "special solicitude" is afforded to pro se pleadings, leave to amend is not required if it

would be futile.  *See Hill v. Curcione*, 647 F.3d 116, 122 (2d Cir. 2011); *accord Weidrick v.*

*Trump*, No. 20 Civ. 1057, 2020 WL 2061489, at \*2 (S.D.N.Y. Apr. 27, 2020), *appeal dismissed*,

No. 20-1700, 2020 WL 7017852 (2d Cir. Oct. 9, 2020), *cert. denied*, 141 S. Ct. 642 (2020), *reh'g*

*denied*, No. 20-5565, 2020 WL 7327934 (U.S. Dec. 14, 2020).

Plaintiffs' claims based on the processing of grievance forms or phone usage cannot be repleaded because they fail to state a constitutional claim as explained above.  Plaintiffs may seek permission to replead any of the following claims if they believe they can state sufficient facts to meet the legal requirements described above: denial of access to the law library, the denial of legal property, tampering with mail, the use of excessive force, and the existence of a City policy.

If Plaintiffs wish to seek to replead any of these claims, by March 5, 2021, Plaintiffs shall file a letter (by delivering or mailing it to the Court's Pro Se Intake Office), not to exceed three pages, describing how they would change the complaint to remedy the issues described in this Opinion.  Plaintiffs shall also attach a proposed Second Amended Complaint ("SAC") showing these changes.  The proposed SAC should allege what acts each Individual Defendant committed that resulted in each of Plaintiffs' claims.  Regarding the claim against the City, the SAC should allege facts showing a "municipal policy" that caused the misconduct.  If Plaintiffs do not file a SAC or seek additional time to do so by March 5, 2021, the case will be dismissed.

## V.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the FAC is GRANTED. Plaintiffs may seek to replead as described above.

The Clerk of Court is respectfully directed to close the case and mail a copy of this order to pro se Plaintiffs.

SO ORDERED.

Dated: February 10, 2021
      New York, New York

                          LORNA G. SCHOFIELD
                        UNITED STATES DISTRICT JUDGE